IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KEVIN A. BIRDO, #B28737,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 3:15-cv-00456-NJR |
| ) | |
| **DIRECTOR I.D.O.C.,** ) | |
| **CHRISTOPHER MATHIS,** ) | |
| **S. HILL, and** ) | |
| **DOE GRIEVANCE OFFICER,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Kevin Birdo is currently incarcerated at the Lawrence Correctional Center in Sumner, Illinois, but was previously incarcerated at the Menard Correctional Center in Menard, Illinois. (Doc. 12 at 1, 6.) Proceeding *pro se*, Birdo has filed an amended complaint against two counselors at Menard, a Doe grievance officer at Menard, and the Director of the Illinois Department of Corrections. (*Id.* at 1-2.) Birdo claims that the counselors failed to submit his discretionary requests for transfer and good conduct restoration because of Birdo's history of lawsuits and grievances; that the Doe officer violated his due process rights by mishandling his grievances concerning the counselors' conduct; that the Director violated his due process rights by setting up an ineffective grievance system; and that all of the defendants were negligent under Illinois law. (*Id.* at 6-10.) Birdo seeks money damages and an injunction, and he also has filed a motion asking for preliminary injunctive relief and other relief. (*See* Doc. 11 & Doc. 12)

This matter is now before the Court for a review of Birdo's amended complaint pursuant to 28 U.S.C. § 1915A, as well as consideration of his separate motion. Under 28 U.S.C.

§ 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this review under § 1915A, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune."

## Background

On April 24, 2015, Birdo filed his initial § 1983 complaint, naming the Director of the Illinois Department of Corrections, the Prisoner Review Board, the Transfer Coordinator, the Warden of Menard Correctional Center, and two corrections counselors. (Doc. 1 at 1.) He alleged that officials retaliated against him because he assaulted an officer; that officials denied him due process by refusing to process his discretionary requests for transfer and good conduct restoration; that officials exposed him to inhumane conditions; and that officials denied him access to legal mail and the courts. (*Id.* at 5-14.) On April 27, 2015, the Court dismissed the retaliation, conditions, and access claims without prejudice and the due process claims with prejudice. (Doc. 5.) Birdo was given until June 5, 2015, to file an amended complaint. (*Id.*)

On May 27, 2015, Birdo sent his First Amended Complaint to the Court.[1] (Doc. 12.) The amended complaint again names Mathis and Hill–Birdo's counselors at Menard–as well as the Director of the Illinois Department of Corrections and a Doe grievance officer. (*Id.* at 1.) By way of his new complaint, Birdo re-asserts retaliation claims against Mathis and Hill, this time saying that they refused to submit his applications for discretionary transfer and discretionary

---

[1] The amended complaint did not arrive at the Court until June 8, 2015. In a separate motion filed with his complaint, Birdo asked for additional time to file his amended complaint, in the event the amended complaint did not arrive at the Court by the June 5 deadline. His complaint is probably timely under the prison mailbox rule. *See Taylor v. Brown*, – F.3d –, 2014 WL 9865341, at *6 (7th Cir. June 2, 2015) (response in § 1983 action should be deemed filed on the day it was placed "in the prison mail system, rather than when it reaches the court clerk"). To remove all doubt, though, the Court will grant the extension of time up to June 8, 2015.

good conduct restoration because he filed lawsuits against the Illinois Department of Corrections and filed grievances against them. (*Id.* at 6-7.) He also claims that Mathis's and Hill's failure to submit his applications violated the Illinois Administrative Code, and he seeks to "attach" Illinois state law claims against them for "professional negligence." (*Id.*)

Over and above his claims against Mathis and Hill, Birdo also raises new claims against a Doe grievance officer at Menard and the Director of the Illinois Department of Corrections. (*Id.* at 7-10.) He says that he wrote Doe grievances about the counselors' conduct but Doe did not respond or process his grievances. (*Id.* at 7-8.) He also claims that the Director received letters about the counselors' conduct and did not respond, did not set up a functioning grievance process for all Illinois state prisoners, and did not properly train staff under Illinois law. (*Id.* at 8-10.)

By way of his suit, Birdo seeks money damages and an injunction ordering the Director to set up a proper grievance process. (*Id.* at 11.) He also has filed a motion to address the Court with his complaint, asking the Court to attach an exhibit to his amended complaint and to issue a preliminary order compelling the Director to respond to one of Birdo's grievances. (Doc. 11.)

## Discussion

Birdo's complaint focuses on retaliation by Mathis, Hill, Doe, and the Director, so the Court will start there (**Count 1**). To put forth a retaliation claim, a prisoner must "plausibly allege" that he "engaged in activity protected by the First Amendment," that he "suffered an adverse action that would likely deter future First Amendment activity," and that the "First Amendment activity was at least a motivating factor in the defendants' decision to retaliate." *Santana v. Cook Cnty. Bd. of Review*, 679 F.3d 614, 622 (7th Cir. 2012). Here, Birdo alleges that Mathis and Hill refused to process his discretionary transfer and restoration requests, that they engaged in this conduct because he filed grievances against them and lawsuits against the

Department of Corrections, and that this conduct harmed him. That is sufficient to put forth an arguable claim for screening review purposes, so **Count 1** may proceed as to Mathis and Hill.

While his complaint is far from clear, Birdo might also be attempting to bring the Director and Doe into the federal retaliation claim–he says that he sent letters to the Director and filed a grievance with Doe about the retaliation, but neither party did anything. Birdo should know that high-level officials typically cannot be roped into a constitutional claim merely by receiving letters or participating in the grievance process. *See*, *e.g*., *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (rejecting effort by prisoner to allege personal involvement by engaging in a "letter-writing campaign" to state officials, such as the Governor and the Superintendent of Prisons); *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."). It is true that a prisoner can sometimes state a claim against an official when a communication advises the official of cruel conditions of confinement and the official is indifferent to those conditions. *See*, *e.g*., *Santiago v. Wells*, 599 F.3d 749, 758-59 (7th Cir. 2010) (grievance informing warden that officers were placing the prisoner with dangerous inmates "sufficient, at the pleading stage, to state a claim that [the warden] actually knew or consciously turned a blind eye"); *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996) ("[A]n inmate's communications can, under some circumstances, constitute sufficient knowledge of the conditions to require the officer to exercise his or her authority and to take the needed action to investigate and, if necessary, to rectify the offending condition."). But Birdo's claims against the Director and Doe are not premised on indifference to cruel conditions, but retaliation, and these claims would be viable only if Birdo alleged that the Director or Doe acted or failed to act based

on Birdo's protected conduct. *See Santana*, 679 F.3d at 622. Birdo does not allege anything like that here, so **Count 1** must be dismissed without prejudice as to the Director and Doe.

Birdo also seems to assert a free-standing federal claim against the Director and Doe related to the prison grievance system–he says that John Doe mishandled his grievances and that the Director set up a faulty grievance system in all Illinois prisons (**Count 2**). This claim is a non-starter: the Seventh Circuit has rejected any free-standing due process claim concerning a prison's grievance process. *See, e.g.*, *Courtney v. Devore*, 595 F. App'x 618, 620-21 (7th Cir. 2014) (noting that "state grievance procedures do not create substantive liberty interests protected by due process," and the "mishandling" of those grievances states no claim); *Owens*, 635 F.3d at 953-54 ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause . . . ."). Rather, the right to a grievance procedure exists only to ensure access to the courts. *See Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008) (noting that the "procedural right" concerning the handling of grievances exists "to ensure that prisoners and detainees can access the courts"). Here, Birdo has not alleged a barrier to court access, and his "invocation of the judicial process" points in the opposite direction. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 2009). More to the point, it would be tough for Birdo to allege that grievance issues blocked his way to court–if officials "do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting," the grievance system would be unavailable, and the way to federal court would be clear. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (prison remedies deemed exhausted remedies where "prison officials were responsible for the mishandling of [a prisoner's] grievance"). In any event, because Birdo has not alleged a barrier to court, **Count 2** must be dismissed without prejudice.

The remainder of Birdo's claims are brought under Illinois state law. Birdo alleges that Mathis and Hill were "professionally negligent" when they failed to submit his transfer and restoration requests (**Count 3**) and that the Doe grievance officer was negligent when he failed to process Birdo's grievances about Mathis's and Hill's conduct (**Count 4**). Birdo also brings a host of negligence allegations against the Director, saying that he was negligent for not responding to Birdo's letters about Mathis's and Hill's conduct (**Count 5**), for not training staff (**Count 6**), and for not providing a "thorough process" for all prisoners to file grievances (**Count 7**). Where a district court has original jurisdiction over a civil action, as is the case here, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact with the original federal claims." *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). While this is not a weighty standard, supplemental jurisdiction is not appropriate merely because the claims are "tangentially related" or share a broad factual background. *Hernandez v. Dart*, 635 F. Supp. 2d 798, 814 (N.D. Ill. 2009). Instead, the question is whether the proof necessary for the state claim overlaps with the proof necessary for the federal claim. *See*, *e.g*., *White v. Addante*, 498 F. Supp. 2d 1109, 1112 (N.D. Ill. 2007) (no jurisdiction over state assault claim in case involving unconstitutional arrest, as the plaintiff did not need to "establish that [she] was assaulted in order to prove that her arrest was unconstitutional"); *Berg v. BCS Fin. Corp.*, 372 F. Supp. 2d 1080, 1093 (N.D. Ill. 2005) (no jurisdiction over state contract claim because there was no need to prove that a party breached a contract to make out an ERISA claim).

Birdo only has one surviving federal claim–his claim against Mathis and Hill for retaliation. To win on that claim, Birdo will need to prove that he "engaged in activity protected by the First Amendment," that he "suffered an adverse action that would likely deter future First

Amendment activity," and that the "First Amendment activity was at least a motivating factor in the defendants' decision to retaliate." *Santana*, 679 F.3d at 622.  The state claims against Mathis and Hill are sufficiently connected to the federal retaliation claim to warrant supplemental jurisdiction: the state claims against these two relate to the mishandling of Birdo's transfer and good conduct applications, and that is the adverse action complained of in the federal retaliation claim.  But the remaining state claims bear only a tangential relationship to the federal claim.  To make out his federal retaliation claim against Mathis and Hill, Birdo will not need to establish that his grievance about their conduct was mishandled, that various jail officers and officials were incorrectly trained, or that the Director has set up a faulty grievance system in place for all Illinois prisoners.  Accordingly, the Court will exercise supplemental jurisdiction over **Count 3**, but will not exercise jurisdiction over **Counts 4 through 7**.  In addition, **Count 3** appears to state an arguable negligence claim under Illinois state law, so that count will be allowed to proceed past preliminary screening review as to Mathis and Hill.

Over and above the claims raised in his complaint, Birdo asks for a preliminary order requiring the Director to answer a recent grievance that Birdo filed concerning Mathis's and Hill's conduct, another transfer request, the discretionary restoration of his good conduct credits, and the flaws with the Illinois prison grievance process.  (Doc. 11 at 1-2.)  The Court will construe this as a request for a preliminary injunction. A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that the plaintiff is entitled to relief.  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).  To obtain a preliminary injunction, a plaintiff must show that he has a "reasonable likelihood of success on the merits," that there is "no adequate remedy at law," and that "irreparable harm" will occur "absent the

injunction." *Planned Parenthood v. Comm'r of Ind. State Dep't of Health*, 699 F.3d 962, 972 (7th Cir. 2012).

Birdo has not met his burden to demonstrate a reasonable likelihood of success on the federal claim relevant to his injunction, nor has he explained how irreparable harm would occur without preliminary relief. For one, an injunction ordering the Director to respond to Birdo's grievance would only be proper if Birdo had a chance of success on his federal grievance claims, but those claims have been dismissed. Once more, Birdo's motion for an injunction does not lay out the irreparable harm he would suffer during the pendency of this case if an injunction is not issued. He only says that the order might lead the Director to issue a "favorable response," but the chance that a party will capitulate in the face of a request does not suggest that Birdo will suffer harm if preliminary relief is not ordered. Either way, the motion must be denied.

One closing note concerning a motion Birdo filed with his amended complaint, which seeks several types of relief. (Doc. 11.) Birdo's requests for a preliminary injunction and an extension of time have already been dealt with above; the motion for an injunction has been denied, and the motion for an extension of time has been granted. Birdo also asks the Court to file Exhibit C to his original complaint as an attachment to his amended complaint; he says that Exhibit C was confiscated when he arrived at Lawrence Correctional Center, so he could not file it as an attachment to his amended complaint. This amounts to a request to amend his complaint by interlineation, which is not permitted. *See Taylor*, 2014 WL 9865341, at *5 (adjustments to complaint, such as the removal of claims, should be accomplished via new amended complaint); *Hairston v. Walker*, No. 08-cv-362, 2009 WL 166982, at *3 (S.D. Ill. Jan. 26, 2009) ("Amendment by interlineation is not allowed."). Moreover, there is no need to file the exhibit at this time, as it is not necessary to render Birdo's complaint viable under Federal Rule of Civil

Procedure 8. If he needs it at a later point, he can file a motion for copies, pay the copying fee, and use the document as an exhibit to another filing. The request to add Exhibit C is denied.

### Disposition

**IT IS HEREBY ORDERED** that **Count 1** will be allowed to proceed as to **MATHIS** and **HILL**, but is **DISMISSED without prejudice** as to **DOE** and the **DIRECTOR**.

**IT IS FURTHER ORDERED** that **Count 2** is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the Court will exercise supplemental jurisdiction over **Count 3**. **Count 3** will be allowed to proceed as to **MATHIS** and **HILL**.

**IT IS FURTHER ORDERED** that the Court will not exercise supplemental jurisdiction over **Count 4**, **Count 5**, **Count 6**, and **Count 7**. Those counts are **DISMISSED without prejudice** to Plaintiff's right to bring them in a state tribunal. Because there are no further claims against them, **DOE** and the **DIRECTOR** are **DISMISSED** from this case.

**IT IS FURTHER ORDERED** that Plaintiff's motion to address the Court (Doc. 11) is **GRANTED in part** and **DENIED in part**. Plaintiff's motion for an extension of time is **GRANTED**. Plaintiff's motion for a preliminary injunction and motion to amend his complaint to add Exhibit C by interlineation are **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **MATHIS** and **HILL**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service, and the Court will require that

Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered) a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that Plaintiff's pending Motion for Recruitment of Counsel (Doc. 3) is **REFERRED** to Magistrate Judge Donald G. Wilkerson for consideration.

Further, this entire matter is **REFERRED** to Magistrate Judge Donald G. Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 25, 2015**

*[signature]*

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**