IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KEVIN A. BIRDO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-456-NJR-DGW |
| | ) | |
| CHISTOPHER MATHIS and S. HILL, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are various motions filed by Plaintiff.  In this matter, Plaintiff is proceeding on a claim of retaliation against Defendants Christopher Mathis and S. Hill (Count 1) and a state law claim of negligence regarding a request for discretionary transfer against Defendants Mathis and Hill (Count 3).  Defendants filed an Answer on August 25, 2015 that reflects the true names of Defendants, Christopher Mathis and Susan Hill.  The Clerk of Court is **DIRECTED** to change the docket sheet to reflect the true spelling of Susan Hill (named S. Hill in the Complaint).  Each of Plaintiff's motion will be taken in turn:

1.  Motion to Address the Court filed on August 31, 2015 (Doc. 20).  This Motion is **DENIED**.  Plaintiff's motion relates events surrounding his mail.  The incidents set forth in the Motion are unrelated to the present lawsuit.

2.  Emergency Motion to Address the Court filed on August 31, 2015 (Doc. 21).  This Motion is **DENIED**.  Plaintiff's motion relates to the actions of Stacy Wilson, who is not a Defendant herein, and his trust fund account balance.  These issues are unrelated to the present lawsuit.  To the extent that Plaintiff is complaining of funds being taken out of this trust fund account pursuant to 28 U.S.C. § 1915, Plaintiff is informed that if he is proceeding *in forma pauperis* on any federal

case, then 20% of deposits will be withdrawn monthly, *as to each case*, pursuant to § 1915(b)(2). So, if Plaintiff has three cases for which a filing fee is due and owing, even if the cases have been terminated, 60% of his monthly deposits will be diverted until the filing fees are paid in full.   If Plaintiff has five cases for which a filing fee is due and owing, then 100% of his monthly deposits will be diverted to pay the filing fees.

3.   Motion for Sanctions filed by Plaintiff on October 16, 2015 (Doc. 27).   This Motion is **DENIED**.   In response to another motion, Defendants state that they served discovery requests, related to the issue of exhaustion of administrative remedies, on August 25, 2015 to which they have not received responses (Doc. 26).   Plaintiff states in the motion that he mailed responses on September 15, 2015 by placing his mail in the hands of a correctional officer.   No sanctionable conduct has occurred.   If Defendants are still without Plaintiff's discovery responses, they shall inform Plaintiff in writing forthwith and Plaintiff shall re-serve his discovery responses within 14 days of receipt of Defendants' letter.

4.   Motion for Order of Waiver of Affirmative Defense filed on October 16, 2015 (Doc. 28).   The Motion is **DENIED**.   First, Plaintiff may not waive an affirmative defense, only Defendants can waive such a defense.   Second, the deadline for filing a motion for summary judgment on exhaustion has not elapsed.   If Defendants elect to file a motion for summary judgment on exhaustion, Plaintiff may raise his arguments in a response.

**IT IS SO ORDERED.**

**DATED: October 20, 2015**

**DONALD G. WILKERSON**
**United States Magistrate Judge**