IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN A. BIRDO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 3:15-cv-456-NJR-DGW |
| CHRISTOPHER MATHIS and SUSAN HILL, | ) ) ) |
| Defendants. | ) |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are various Motions filed by Plaintiff:

1. The Motion to Propound Discovery upon Menard CC, Lawrence CC, or in the alternative, IDOC filed by Plaintiff on February 12, 2016 (Doc. 41) is **GRANTED IN PART**. In this suit, Plaintiff claims that Defendants Mathis and Hill retaliated against him, because he filed grievances against them, by refusing to process a discretionary transfer request and restoration of good conduct credit. As part of his proof, Plaintiff must show that he suffered a deprivation that would likely deter future First Amendment activity. *Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010). Plaintiff claims that the adverse action was his remaining at a maximum-security prison where he was subjected to greater levels of violence and harsher conditions of confinement than a medium-security prison, where he had requested to be transferred to. Plaintiff seeks to discover statistical data on Menard Correctional Center (a maximum security prison) and Lawrence Correctional Center (a medium security prison), related to the levels of violence, the conditions of confinement, and the types of inmates housed in each institution. Plaintiff seeks such information for a limited time period, January 2014 to December 2015.

Defendants object, arguing that the Motion "seeks discovery from third parties who are not a part of the instant case. Discovery requests upon third parties are not proper, nor should discovery requests be filed with the Court." Defendants' response misses the point. Discovery requests made of third parties are, in fact, proper: Federal Rule of Civil Procedure 45 provides a mechanism for seeking discovery from persons who are not a party to a suit. *See* Fed.R.Civ.P. 34(c). This motion is essentially a request for a subpoena.

Rule 45(a)(3) provides that "the clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it." However, the Court has an obligation to ensure that the subpoena power will not be abused and that persons subject to a subpoena are protected. *Marozsan v. United States*, 90 F.3d 1284, 1290 (7th Cir. 1996); FED.R.CIV.P. 45(d). Accordingly, the Clerk of Court is **DIRECTED** to provide Plaintiff with three subpoena forms, blank and unsigned. Plaintiff shall complete the forms for the IDOC, Menard CC, and Lawrence CC, and submit them to the Court for review and approval. Plaintiff shall take appropriate steps to avoid imposing an undue burden or expense on the third parties and shall limit his requests to documents that are relevant. Plaintiff is directed to review Rule 45.

The Court reminds Plaintiff that no party, including Menard CC, Lawrence CC, or the IDOC is required to *create* a document that would satisfy Plaintiff's requests. For example, Plaintiff seeks "The average solitary confinement population." A single document containing such information may not exist or such information may not exist in one location or document. Plaintiff should take the time to tailor his requests so that they seek documents and not merely categories of information that would be unduly expensive or burdensome to produce.

2. The Motion for Settlement Conference filed by Plaintiff on February 29, 2016 (Doc. 44) is **DENIED WITHOUT PREJUDICE**. If a settlement conference is agreeable to Defendants, the

parties may file a joint motion for the same.

3. The Motion for Further Interrogatories filed by Plaintiff on February 29, 2016 is **DENIED** (Doc. 45). Plaintiff seeks to propound three additional interrogatories, in addition to the 25 already propounded. The first seeks information on whether Defendants are familiar with defendants in other lawsuits filed by Plaintiff. The Court finds that such information is irrelevant to this lawsuit. FED.R.CIV.P. 26(a)   The second question seeks information on lawsuits filed against Defendants as employees of the IDOC. This question also seeks irrelevant information. Neither Defendants' relationship or familiarity with other IDOC employees or their litigation history is relevant to the retaliation claim that is made in this suit. Finally, Plaintiff seeks an answer to whether he would receive 90 days of good conduct credit if he is approved for such credit. Such a question requires Defendants to speculate as to, or at least calculate, such a number. Defendants are not required to do either guess or generate evidence. Plaintiff is not permitted to serve these interrogatories.

4. The Motion to Extend Requests for Admission filed by Plaintiff on March 7, 2016 is **GRANTED** (Doc. 46). Plaintiff seeks to propound 5 additional requests to admit per Defendant and notes that because he may not be able to depose Defendants, they are the only way to acquire sworn statements. Defendants do not object. Plaintiff shall serve his 5 additional requests to admit (per Defendant), forthwith.

5. The Motion for Order of Protection filed by Plaintiff on March 28, 2016 (Doc. 48) is **DENIED**. Plaintiff states that his ability to litigate this matter is being hampered by persons who are not a party to this suit. He states that IDOC employees, in an effort to retaliate against him for filing this suit, are interfering with money transfers and preventing him from accessing the commissary (in order to acquire writing tools). Plaintiff seeks a Court order directed at these

non-parties to protect his person and his legal property – Plaintiff further states that he fears for his safety. Plaintiff does not point out what documents in this litigation he was unable to file, what deadlines he has missed, or in what other tangible manner his ability to litigate this case has been hampered by the actions of non-parties. Plaintiff also offers no basis to believe that his safety is in jeopardy. The Court specifically declines to construe this motion as one for injunctive relief because of the vague nature of the assertions made in the motion.

If Plaintiff believes that he is entitled to a preliminary injunction, he is instructed to read Federal Rule of Civil Procedure 65 and to file an appropriate motion for such relief. Plaintiff is instructed that relief under Rule 65 is an "extraordinary and drastic remedy" for which there must be a "clear showing" that he is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2948 (5th ed. 1995)). Plaintiff is further instructed that a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents. FED.R.CIV.P. 65(d)(2). The Court will not entertain such a motion if it is merely based on speculation or conjecture, or if the assertions made therein are vague and unsupported. If Plaintiff believes that his rights are being violated by persons who are not a party to this suit, he is also free to file another (non-frivolous) lawsuit and seek a remedy.

6. The Motion for Ruling filed by Plaintiff on May 2, 2016 (Doc. 53) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: June 13, 2016**

          **DONALD G. WILKERSON**
          **United States Magistrate Judge**