IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KEVIN A. BIRDO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-456-NJR-DGW |
| | ) | |
| CHRISTOPHER MATHIS and SUSAN HILL, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are various Motions filed by Plaintiff:

1. The Motion to Compel Discovery filed by Plaintiff on June 8, 2016 (Doc. 54) is **DENIED WITHOUT PREJUDICE**. Plaintiff sought a "security reclassification and transfer user's manual" from the Illinois Department of Corrections through a request to produce directed at Defendants (who are employees of the IDOC). In response, Defendants state that they requested the document from the custodian and that they would supplement once the document is received. However, they have now determined that disclosure would pose a threat to the safety and security of the prison. Accordingly, they have refused to provide the document. It is unclear what the relevance of the document is and how it relates to Plaintiff's claims; and, Defendants do not elaborate on the nature of the threat that it poses. Defendants are **ORDERED** to submit the document for *in camera* inspection by **September 27, 2016** and the Court will determine whether the document, or any part thereof, should be disclosed to Plaintiff. In any future motion to compel, Plaintiff is **DIRECTED** to attach and file the discovery requests that are relevant to the motion.

2. The Motion for Sanctions filed by Plaintiff on June 29, 2016 (Doc. 58) is **DENIED**. This

motion is wholly without merit and requires no further comment.

3. The Second Motion to Compel filed by Plaintiff on June 29, 2016 (Doc. 59) is **DENIED**. Filing multiple motions on the same topic adds nothing to this litigation.

4. The Motion to Submit a Second Set of Interrogatories filed by Plaintiff on June 29, 2016 (Doc. 60) is **DENIED**. The Scheduling Order in this matter limits interrogatories to 15 and states that the number may be increased for "good cause shown." Plaintiff's brief motion does not indicate what good cause requires an additional 18 interrogatories (which are in addition to the 25 that Plaintiff already has propounded).

5. The Motion to Strike Supplemental Response filed by Plaintiff on July 18, 2016 (Doc. 64) is **DENIED**. This motion is wholly without merit and requires no further comment.

6. Plaintiff has submitted three subpoenas for review prior to service. These subpoenas are directed to the Illinois Department of Corrections, the Menard Correctional Center, and the Lawrence Correctional Center. The subpoenas are identical in that they seek categories of statistical information related to the level of violence at each of the two correctional centers. As noted in this Court's previous Order, Plaintiff has been permitted to proceed on a claim that he was retaliated against for filing grievances when his discretionary transfer request was denied. Plaintiff claims that this denial was an adverse action because Menard CC (where he was housed) is much more violent than Lawrence CC (where he wanted to be transferred). The items requested in the subpoena relate to that theory. However, as this Court previously indicated, the third parties are not required to generate evidence or otherwise expend unreasonable resources compiling such information. *See* Fed.R.Civ.P. 26(b)(1).

Plaintiff is proceeding *in forma pauperis* in this matter and "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." 28 U.S.C. § 1915(d). The

Clerk of Court is therefore **DIRECTED** to forthwith complete the subpoenas, docket the completed subpoenas, and mail them, via certified mail with return receipt, along with a copy of this Order. The subpoenas shall be mailed to the Director of the Illinois Department of Corrections, and the wardens of Menard CC and Lawrence CC, respectively. Each of these persons is not required to appear but shall respond to the subpoena within thirty (30) days of service. The responses, including any objections, shall be served upon Plaintiff at his address: Kevin A. Birdo B28737, Lawrence Correctional Center, 10930 Lawrence Road, Sumner, IL 62466.

**DATED: September 21, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**